**UNITED STATES of America, Appellee,**

v.

**Leon GREENBERG, Appellant.**

**No. 903, Docket 76–1054.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1976.

Decided April 19, 1976.

Herald Price Fahringer, Buffalo, N. Y. (Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y., on the brief), for appellant.

T. Barry Kingham, Asst. U. S. Atty., S. D. N. Y., New York City (Robert B. Fiske, Jr., U. S. Atty., and Lawrence B. Pedowitz, Asst. U. S. Atty., S. D. N. Y., New York City, on the brief), for appellee.

Before ANDERSON, MULLIGAN and MESKILL, Circuit Judges.

PER CURIAM:

Leon Greenberg was convicted of one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and four substantive counts of mail fraud, in violation of § 1341.

The indictment alleged that Greenberg, then the President of Monticello Raceway in Sullivan County, New York (hereinafter

referred to as Raceway), conspired with Paul Grossinger, owner of The Grossinger Hotel and a director of Raceway, and Bernard Roth, comptroller of the hotel, to defraud Raceway through the device of billing it for services not actually rendered to it, the payments for which were used to defray the greater part of the cost of a bar mitzvah, held at the hotel, for Greenberg's son. There was evidence from which the jury could find that Grossinger, with the complicity of Greenberg, composed fictitious bills for outings purportedly held for Raceway personnel at the hotel on five Wednesdays in July and August, 1970. These fake bills were sent throught the mail to Raceway, and payment was made through the mail in October, 1970, in the normal course of business.

After the bar mitzvah was held in November, 1970, the hotel sent Greenberg a bill for $5843.25, which he returned with a note, "please verify the correctness of this bill." Grossinger and Roth then reduced Greenberg's bill by the exact amount which Raceway had paid for the purported outings ($4856.16), so that Greenberg ultimately paid only $987.09. This was sufficient to violate Title 18 U.S.C. § 1341. *United States v. Maze,* 414 U.S. 395, 400, 94 S.Ct. 645, 648–49, 38 L.Ed.2d 603, 608 (1974). *See also United States v. Marando,* 504 F.2d 126 (2d Cir.), *cert. denied sub nom. Berardelli v. United States,* 419 U.S. 1000, 95 S.Ct. 317, 42 L.E.2d 275 (1974); *United States v. Cohen,* 518 F.2d 727 (2d Cir.), *cert. denied sub nom. Duboff v. United States,* 423 U.S. 926, 96 S.Ct. 270, 46 L.Ed.2d 252 (1975).

Appellant Greenberg offered evidence to contradict the Government's proof but the jury resolved the questions of fact against him. Viewing the evidence in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and considering the right of the jury to determine issues of credibility, weigh the evidence, and draw reasonable inferences of fact, *United States v. Frank,* 494 F.2d 145, 153 (2d Cir.), *cert. denied,* 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974), we are satisfied that there was

sufficient evidence to support the jury's verdicts of guilty. In particular, appellant claims that there was insufficient evidence of a conspiratorial agreement among himself, Grossinger, and Roth to *defraud* Raceway. There was sufficient evidence for the jury to conclude, however that the alleged conspirators knew their scheme was a fraud, which was designed to redound to Greenberg's pecuniary benefit, at the expense of Raceway corporation and its stockholders.

The remaining claims made by Greenberg on his appeal do not call for discussion.

The judgments of conviction are affirmed.